1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    NICOLE JEAN ROGERS,

10           Plaintiff,                      Case No. 2:12-cv-2724 JAM DAD PS

11        v.

12   MAXINE VELA, et al.,                    FINDINGS AND RECOMMENDATIONS

13           Defendants.

14   _____/

15           Plaintiff, Nicole Rogers, is proceeding in this action pro se.  This matter was

16   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

17   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18           Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

19   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

20   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

21   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

22   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

23   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

24   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

25   examine any application for leave to proceed in forma pauperis to determine whether the

26   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

                                                1

1  bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must

2  dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

3  if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

4  may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

5  1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

8  based on an indisputably meritless legal theory or where the factual contentions are clearly

9  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10        To state a claim on which relief may be granted, the plaintiff must allege "enough

11  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

12  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

13  accepts as true the material allegations in the complaint and construes the allegations in the light

14  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

15  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

16  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

18  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20        The minimum requirements for a civil complaint in federal court are as follows:

21        A pleading which sets forth a claim for relief . . . shall contain (1) a
          short and plain statement of the grounds upon which the court's
22        jurisdiction depends . . . , (2) a short and plain statement of the
          claim showing that the pleader is entitled to relief, and (3) a
23        demand for judgment for the relief the pleader seeks.

24  Fed. R. Civ. P. 8(a).

25        Here, plaintiff's complaint simply contains no plain statement of the grounds upon

26  which the court's jurisdiction depends.  Jurisdiction is a threshold inquiry that must precede the

2

1   adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State

2   Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

3   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

4   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

5   (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

6   affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

7   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

8           Lack of subject matter jurisdiction may be raised by the court at any time during

9   the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

10  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

11  has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

12  is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

13  v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

14  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

15          The burden of establishing jurisdiction rests upon plaintiff as the party asserting

16  the court's jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528,

17  543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so

18  insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal

19  controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83

20  (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is

21  "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack

22  of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

23  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

24

25          [1] Congress has conferred jurisdiction upon the federal district courts as limited by the
    United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.
26  Richards, 504 U.S. 689, 697-99 (1992).

1   jurisdiction . . . and may be dismissed sua sponte before service of process.").

2          The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which

3   confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

4   be conferred by federal statutes regulating specific subject matter.  District courts have "original

5   jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

6   States." 28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal

7   law creates a cause of action.  A case may also arise under federal law where 'it appears that

8   some substantial, disputed question of federal law is a necessary element of one of the well-

9   pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise

10  Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The

11  "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal

12  question is presented on the face of the plaintiff's properly pleaded complaint.  California v.

13  United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

14          "'Arising under' federal jurisdiction only arises . . . when the federal law does

15  more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l

16  Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere

17  presence of a federal issue does not automatically confer federal-question jurisdiction, and

18  passing references to federal statutes do not create a substantial federal question.  Lippitt v.

19  Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion

20  Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and

21  independent theories – one of which is a state law theory and one of which is a federal law theory

22  – federal question jurisdiction does not attach because federal law is not a necessary element of

23  the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

24          In addition to failing to identify a basis for this court's jurisdiction over this

25  action, plaintiff's complaint also does not contain a plain statement of her claim showing that she

26  is entitled to relief.  In this regard, plaintiff's complaint consists merely of one page of rambling,

4

1    seemingly inconsequential, allegations.  For example, plaintiff's complaint begins by stating that

2    "[f]or the record, [defendant] Raymond Vela is not my godfather," and goes on to allege that

3    Vela is "a well known Mexican drug cartel," that plaintiff and defendant Moses Valdez later

4    "reunited while he was . . . in violation of his parole conditions," that Valdez destroyed plaintiff's

5    vehicle and that plaintiff "would like it back and in one complete piece in premier working

6    conditions; excellence."  (Compl. (Doc. No. 1) at 2.)

7            Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

8    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

9    state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

10   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

11   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

12   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

13   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at

14   555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

15   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

16           Here, plaintiff's complaint fails to state a claim on which relief may be granted.

17   The court has carefully considered whether plaintiff may amend her complaint to state a claim

18   upon which relief can be granted.  "Valid reasons for denying leave to amend include undue

19   delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

20   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v.

21   Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

22   amend shall be freely given, the court does not have to allow futile amendments).  In light of the

23   nature of plaintiff's allegations and the deficiencies noted above, the court finds that it would be

24   futile to grant plaintiff leave to amend.

25   /////

26   /////

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Plaintiff's November 6, 2012 application to proceed in forma pauperis (Doc.

3    No. 2) be denied;

4    2.  Plaintiff's November 6, 2012 complaint (Doc. No. 1) be dismissed without

5    leave to amend; and

6    3.  This action be closed.

7    These findings and recommendations will be submitted to the United States

8    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

9    fourteen (14) days after being served with these findings and recommendations, plaintiff may file

10   written objections with the court.  A document containing objections should be titled "Objections

11   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

12   objections within the specified time may, under certain circumstances, waive the right to appeal

13   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   DATED: November 16, 2012.

15

16

17   _____
     DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

18

19   DAD:6
     Ddad1\orders.pro se\rogers2724.ifp.den.f&rs

20

21

22

23

24

25

26

6